IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE WHITE, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-322-WS-N |
| | ) |
| THE NIF CORPORATION, etc., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter is before the Court on the defendant's motion to dismiss. (Doc. 10). The plaintiff filed a response, (Doc. 18), the defendant declined to file a reply, (Doc. 11), and the motion is ripe for resolution.

    The defendant asserts that the FLSA complaint fails to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), because it does not allege "the hours [the plaintiff] worked per week" and does not allege "the amount of unpaid wages she is owed." (Doc. 9 at 2). She later claims the complaint is fatally defective because it does not allege "the rate to be properly applied to such hours." (*Id*. at 3). The defendant relies on several lower court decisions from other Circuits.

    The Court need not review those opinions, because the Eleventh Circuit has spoken. In *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008), "[t]he complaint allege[d] that since June 16, 2002, [the defendant] repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates." The Court held that, "[w]hile these allegations are not overly detailed, we find that a claim for relief for failure to pay minimum wage [or] to provide overtime compensation … under the FLSA does

not require more," even in light of *Twombly*. *Id*. at 763-64. Sister courts within the Eleventh Circuit have routinely applied *Labbe* in denying motions to dismiss similarly worded FLSA claims.[1] The complaint in this case alleges far more than the minimum required by Rule 8(a), *Twombly* and *Labbe*. Accordingly, the motion to dismiss is **denied**.

DONE and ORDERED this 11th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *E.g., Johnson v. Titlemax, Inc.*, 2015 WL 5954393 (M.D. Ala. 2015); *Hudgens v. Wyndham Vacation Ownership, Inc.*, 2014 WL 5483231 (N.D. Fla. 2014); *Wakeley v. Useppa Inn and Dock Co.*, 2014 WL 1819411 (M.D. Fla. 2014) (Steele, J.); *Houston v. JT Private Duty Home Care, LLC*, 2014 WL 485428 (M.D. Fla. 2014) (Chappell, J.); *Gonzalez v. TZ Insurance Solutions, LLC*, 2014 WL 103524 (M.D. Fla. 2014) (Covington, J.); *Vestey v. Publix Super Markets, Inc.*, 2013 WL 5929061 (M.D. Fla. 2013) (Moody, J.); *Castillo v. Groundlevel, Inc.*, 2013 WL 5499611 (M.D. Fla. 2013) (Whittemore, J.); *Mitial v. Dr. Pepper Snapple Group*, 2012 WL 2524272 (S.D. Fla. 2012); *Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145 (M.D. Fla. 2012) (Buckelew, J).