IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE WHITE, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-322-WS-N |
| | ) |
| THE NIF CORPORATION, etc., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The plaintiff has filed a motion for conditional certification and to facilitate notice. (Doc. 4). The defendant concedes it is "in a virtually indefensible position relative to the subject motion." (Doc. 25). Rather than contest the merits of the plaintiff's motion, the defendant has filed a "motion to toll the statute of limitations." (Doc. 24). The defendant's theory – unsupported by any legal analysis or citation to authority – is that tolling the limitations period as of the date the complaint was filed will protect potential class members while saving the defendant the "hardship" of "increased litigation costs and having to address Plaintiff's allegations not only in this Court, but in the court of public opinion." (*Id*. at 2).

"An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added). The FLSA thus allows the maintenance of a collective action, and notice to potential class members, if the represented employees are

"similarly situated" to the named plaintiffs. *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).[1]

The Eleventh Circuit has recommended that trial courts consider certification under Section 216(b) in two stages. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members." *Hipp*, 252 F.3d at 1218 (internal quotes omitted). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* (internal quotes omitted). At the second stage, in response to a motion to decertify made after discovery, the court makes a more informed factual determination on the similarly situated issue. *Id.* at 1218.

At the initial stage, "[t]he plaintiffs bear the burden of demonstrating a reasonable basis for their claim of class-wide discrimination." *Grayson v. K Mart*, 79 F.3d 1086, 1097 (11th Cir. 1996) (internal quotes omitted). "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* (internal quotes omitted). "[T]he district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (internal quotes omitted).

---

[1] Section 216(b) applies to actions under the Age Discrimination in Employment Act ("ADEA"), and cases (such as *Hipp*) construing Section 216(b) in the ADEA context apply equally to cases brought under the FLSA. *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1014 n.1 (11th Cir. 2007).

The plaintiff's presentation easily satisfies this relaxed standard.  The defendant's motion to toll the statute of limitations is not supported and is due to be denied on that basis.  Even were it granted, it would not "moot" the plaintiff's motion, (Doc. 25 at 2), since the defendant's motion does not provide for notice to potential class members.

For the reasons set forth above, the plaintiff's motion for conditional certification is **granted**, with the class and sub-class defined as set forth in the motion.  (Doc. 4 at 1-2).  The defendant's motion to toll the limitations period is **denied**.  The parties are **ordered** to submit for judicial approval, on or before **August 31, 2015**, an agreed notice and consent to join.

DONE and ORDERED this 19th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE