**IN THE UNITED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KATHERINE WHITE, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 1:15-cv-0322 |
| v. | ) | |
| | ) | |
| THE NIF CRPORATION, | ) | |
| d/b/a ED'S SEAFOOD SHED, | ) | |
| | ) | |
|     Defendant, | ) | |

**PARTIES SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Katherine White ("Plaintiff"), and Defendant The NIF Corporation ("Defendant"), by their respective counsel, jointly move the Court for entry of an Order approving the settlement reached by the Parties in this case. In support of the motion, the Parties state the following:

    1.    Plaintiff filed this action on June 23, 2015. [Doc. 1]. Plaintiff's Complaint alleges violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). [*Id.*].

    2.    On June 23, 2015 Plaintiff also filed her Motion for Conditional Certification and Notice [Doc. 4], and the Court granted her motion on August 19, 2015. [Docs. 26, 31]. In addition to the named plaintiff, seven opt-in plaintiffs joined this action before the expiration of the relevant opt-in period. [Docs. 3, 38, 46 – 48].

    3.    The parties engaged in extensive discovery taking and/or defending five depositions, as well as producing documents and issuing/answering written discovery. After the close of the discovery period, the parties engaged in an unsuccessful mediation/settlement

conference before Magistrate Judge Nelson as the mediator.  [Docs. 59, 61].  Extensions were granted enlarging the deadline to file motions for summary judgment to allow the parties additional time to reach resolution.  [Doc. 63].

4.      Plaintiff filed her Motion for Partial Summary Judgment on November 15, 2016.  [Docs. 66-67].  The Court granted her motion, in part, on January 18, 2017, leaving the amount of damages as to certain claims still in dispute.  [Doc. 81].  Thereafter, the parties prepared for trial and filed their pre-trial memorandum.  [Doc. 82].  The parties' Pre-trial Conference was scheduled for Monday, January 23, 2016 and they had previously made their pre-trial disclosures on December 27, 2016.

5.      January 19, 2016, Defendant's Counsel made a tentative settlement offer contingent upon final approval by his client.  In response, the morning of January 20, 2016, Plaintiff's Counsel obtained approval to extend a counter demand to the tentative offer, exclusive of fees and costs, totaling $12,746.88 comprised solely of unpaid wages and a proposed service award for Plaintiff White.  Prior to lunch that day, Plaintiff's counsel did in fact extend that demand, and in light of the Court's partial granting of Plaintiff's Motion for Partial Summary Judgment, proposed an additional $60,000.00 in attorney fees and costs, or in the alternative, Defendant accept the $12,746.88 demand and that the parties take the issue of attorney fees and costs up with the Court with the Court determining such.

6.      In response, Defendant agreed to the $12,746.88 demand, rejected the proposal that fees and expenses be decided by the Court, and instead offered $47,253.12 to cover the plaintiffs' attorney fees and costs.  Plaintiff's Counsel accepted this counter subject to agreement on the overall non-monetary terms, including an acceptable payment plan.

7.      The non-monetary terms were agreed upon on January 21, 2016 and the next day the parties filed a Notice of Settlement.  [Doc. 84].

8.      Agreements settling claims brought pursuant to the FLSA require approval by the Court.  *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

9.      The Settlement Agreement attached hereto as Exhibit A and entered into by the parties, is a fair and reasonable settlement of the Plaintiff's and opt-in plaintiffs' disputed claims for unpaid minimum wages and overtime compensation.  This is so because their recovery represents anywhere from 50% to 110% of the total actual unpaid wages they could have obtained at trial.  *See Generally* Ex. A, Settlement Agreement, p. 5 of 16, *compared* to Plaintiff's Trial Damage Calculations, [Doc. 82, pp.11-12, Alternatives 1-3].  As it was unlikely Defendant would fail to prove entirely that it was not entitled to pay the subminimum wage rate of $2.13 per hour for any of the hours worked by the plaintiffs, in reality the plaintiffs' compromise represents 100% to 113% of the actual back wages they could have recovered at trial under the plaintiffs' second and third alternative damage calculations.  [Id.].  Since this matter was going to be tried to the bench [Doc. 80], based on the Court's opinion within its Order on Plaintiff's Motion for Partial Summary Judgment, it appeared an award of liquidated damages was highly unlikely.  [Doc. 81, pp. 13-14].  Accordingly, this settlement is fair and reasonable as it most likely makes each plaintiff whole.

10.      The Settlement Agreement is the culmination of extensive negotiations between the Parties to resolve this matter.  The eventual settlement figures agreed to by the Parties bear a reasonable and fair relationship to the amounts due to each plaintiff, and also take into consideration the inevitable risks of litigation, defenses raised by Defendant, and Defendant's ability or inability to pay a judgment entered against it.

11.     Lastly, the attorneys' fees and costs called for under the Settlement Agreement are fair and reasonable too.  Whereas here the plaintiff's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the plaintiff, the Court should approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel, except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney,   *Smitherman v. Chow Lao Liew, LLC*, 2016 U.S. Dist. LEXIS 32242, 5-6 (N.D. Ala. Mar. 14, 2016); *Wycoff v. Sani E Zehra, Inc.*, 2014 U.S. Dist. LEXIS 120122, 8-9 (N.D. Ala. Aug. 28, 2014); *Dodd v. Schneider Nat'l Carriers, Inc.*, 2014 U.S. Dist. LEXIS 134026, 6-7 (N.D. Ala. Sept. 24, 2014);  *Williams v. A&A Used Tires, LLC*, 2013 U.S. Dist. LEXIS 174646, 5-6 (N.D. Ala. Dec. 13, 2013); *Lyons v. Beef 'O' Brady's*, 2015 U.S. Dist. LEXIS 127377 (S.D. Ala. Sept. 23, 2015);  *Patel v. Shree Jalarm, Inc.*, 2013 U.S. Dist. LEXIS 130914, 19-20 (S.D. Ala. Sept. 13, 2013); *Crabtree v. Volkert, Inc.*, 2013 U.S. Dist. LEXIS 20543, 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013);   Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Gross v. Statewide Healthcare Servs.*, 2016 U.S. Dist. LEXIS 62069, 5-6 (S.D. Ala. May 10, 2016).

12.     The parties filed their first Joint Motion for Settlement Approval on March 21, 2017. [Doc. 95].  The Court issued an Order denying the parties' motion on March 22, 2017. [Doc. 97].  The Court found, "... the settlement is fair and reasonable under the governing

standards…" and "…the concerns articulated in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), are absent…". [Doc. 97, pp. 1-2].

13. However, the Court denied the parties' Motion for Settlement Approval because 1) the status of plaintiff Goff remained uncertain and 2) the parties' settlement agreement asserts that the Court "will retain jurisdiction over the litigation until such time as the Promissory Note is paid in full. [*Id.*]

14. To rectify the Court's concerns the parties have filed a Joint Stipulation dismissing Plaintiff Goff without prejudice (Doc. 98), and counsel struck the offending language related to the Court retaining jurisdiction until the promissory note is paid in full (Exhibit A, p. 8 of 16). To the extent a client has authorized his counsel an attorney has authority to bind his client in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court. Ala. Code § 34-3-21; *Batton v. City of Jasper*, 354 Fed. Appx. 400, 401-402 (11th Cir. Ala. 2009). The undersigned represent they have authority from their clients to modify the terms made subject of this paragraph.

Furthermore, upon approval of this motion and the entering of a stipulated judgment, the parties request this Court dismiss this action with prejudice.

15. Lastly, consistent with the Court's March 22, 2017 order, the parties submit for the Court's consideration the attached proposed Order Entering the Parties' Stipulated Judgment. Exhibit B.

WHEREFORE, the Parties respectfully request that the Court enter an Order granting this Joint Motion for Approval of Settlement Agreement, issue an Order Entering the Parties' Stipulated Judgment, and dismiss the case with prejudice.

Respectfully submitted this 7th day of April, 2017.

/s/ Robert J. Camp
**Robert J. Camp**
rcamp@wigginschilds.com
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500 – Phone
(205) 254-1500 – Facsimile
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Robert C. Epperson**
repperson@rcelaw.com
P. O. Box 477
Foley, AL 36536
(251) 943-8870 – Phone

/s/ John R. Cox

 JOHN R. COX

jrc@jrcoxlaw.com

9786-A Timber Circle
Spanish Fort, AL 36527
(251) 517-4753
*Attorney for the Defendant*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 7th day of April 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John R. Cox, Esq.
9786-ATimberCircle
Spanish Fort, AL 36527
jrc@jrcoxlaw.com
(251) 517-4753

/s/ *Robert J. Camp*
ROBERT J. CAMP